# In the Matter of the Assigned Estate of the Thompson Glass Company.

*Wages—Attachment—Act of April 22, 1854.*

Under the Act of April 22, 1854, P. L. 480, claimants for wages are entitled to a preference out of the proceeds of the sale of an assigned estate, although the claimants were not in the actual employment of the assignor when the assignment for the benefit of creditors was made.

Argued May 9, 1898. Appeal, No. 310, Jan. T., 1898, by First Nat. Bank of Uniontown, from order of C. P. Fayette Co., June T., 1895, No. 8, dismissing exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Exceptions to report of R. W. Dawson, Esq., auditor.

From the report of the auditor it appeared that the Thompson Glass Company, a corporation of the state of Pennsylvania, on July 27, 1895, made an assignment for the benefit of creditors. A large number of wage claims were presented to the auditor, and it appeared from the evidence that many if not all of the claimants were not in the actual employ of the assignor company at the time the assignment was made.

The auditor awarded the fund to the wage claimants.

Exceptions to the report of the auditor were dismissed by the court.

*Errors assigned* were in dismissing exceptions to the auditor's report.

*W. G. Guiler*, for appellant.—If the act of 1854 is applicable to the claims in this case, then it is incumbent upon the wage claimants to show that they were employed by the corporation at the time the assignment was made, that is that the contractual relation existed between the corporation and the claimant when the said assignment was made, otherwise they cannot sustain the claim if the said act is applicable to this case. The act must be construed strictly: Adamson's App., 110 Pa. 462; Esterley's App., 54 Pa. 194; Smith v. R. R., 182 Pa. 139; Hall's Est., 148 Pa. 121.

*D. W. McDonald*, with him *George D. Howell, A. F. Cooper, J. Q. Van Swearingen, Wooda N. Carr, W. W. Parshall, H. F. Detwiler, J. M. Oglevee* and *James R. Cray*, for appellee, cited Martin's App., 33 Pa. 395; Buckwalter's Est., 3 Pa. C. C. 315.

PER CURIAM, May 30, 1898:

We find no error in the decree from which this appeal was taken. It was rightly held by the learned auditor and court below that the fund in question should be distributed to the wage claimants, pro rata, under the act of April 22, 1854, to the extent of $100 each.

We cannot assent to the position assumed by the appellant, that the act of 1854 was intended to protect those only who were in the actual employment of the company when the assignment for the benefit of creditors was made. Such a strict and narrow construction of the act would in many cases practically defeat the object the legislature evidently had in view in giving preference to the wages of miners, mechanics or laborers employed by corporations or companies specified in the act.

None of the specifications is sustained.

Decree affirmed and appeal dismissed at appellant's costs.